## HAYGOOD v. HARRIS.

1. A judgment against a female *dum sola*, but no execution issued thereon until after her marriage, creates no *lien* whatever on her property, and constitutes no impediment, to the levy of an execution on the property, upon a judgment obtained against the husband and wife.

Writ of Error to the Circuit Court of Lowndes.    Before the Hon. E. Pickens.

THIS was a trial of the right of property, levied on by an execution in favor of Harris, and claimed by Haygood.    On the trial, a bill of exceptions was sealed by the presiding Judge, which shows, that before Harris, the plaintiff in execution obtained the judgment, and execution, under which he sought to condemn the slave in this case, he had obtained judgment and execution against the wife of the defendant in execution alone, and which had been levied on the same slave, and claimed by the present claimant.    A trial was had and the property condemned.    The cause was carried to the supreme court, and was reversed and remanded, and that claim dismissed at this term, before this cause was called.    Whilst said proceedings were pending, the junior execution in this case was levied on this slave, which is the same levied on by the previous execution—the parties are the same, and the debt the same on which both executions issued, the only difference being, that in the former case, the wife of Haygood alone was the defendant, and in this case, Haygood and wife are defendants in the execution.

Upon this evidence, the claimant requested the court to charge the jury, that the property in controversy could not be levied upon by the execution in this case, because it had been previously levied on by the older execution, against the wife of Haygood, and claimed by the present claimant,

9

which was pending at the time the levy in this case was made.

The court refused to give this charge, and charged, that the property might be levied on, and condemned under this execution, notwithstanding the levy of the older execution.

To the refusal to charge as requested, and to the charge given, the plaintiff in error excepted.

GILCHRIST, for the plaintiff in error, relied on Hagan v. Lucas, 10 Peters' Rep. 400, and 6 Ala. R. 45.

COOK, for the defendant in error, cited Langdon v. Brumby, 7 Ala. 55, and the decision of this court upon this case at a previous term, 10 Ala. 291.

DARGAN, J.—The question seems to be settled in this court, that if a junior execution be levied on goods, and they are claimed, and bond is given to try the right of property, yet an execution which has created an older lien on the goods, may be levied on the same goods. See Langdon v. Brumby, Adm'r, 7 Ala. Rep. 55. And the question does not depend on the date of the execution, but on the lien created by it. The case referred to is fully considered by the court, and the case of Rives & Owen v. Wellborn, 6 Ala. R. 45, is reviewed and approved. In the case from 6 Ala. R. it is held, that if the levy is made by virtue of the elder lien, and a claim is interposed, then the levy of an execution that creates a junior lien, cannot be made. Under these two authorities, the only question is, was the lien of the execution against Haygood and wife older than the lien created by the execution against the wife of Haygood only? Or, did the execution against the wife of Haygood create any lien whatever—or was it void? If the judgment was rendered against the wife of Haygood after her marriage, and the older execution issued thereon against her, or if the judgment was rendered against her before her marriage, and the execution issued after, the execution could create no lien on her property; for by the marriage all her personal property in possession, was vested in her husband, and the debt became

the debt of the husband, and no proceeding at law could be taken to enforce it against her alone. See 10 Ala. R. 292. The bill of exceptions does not distinctly show us, when the judgment was rendered against Mrs. Haygood, nor when the execution issued thereon; but the language is, the plaintiff had a judgment and execution for the same debt against the wife of Haygood alone. The rule is, that the language in a bill of exceptions is to be taken most strongly against the party excepting, and under this rule of construction, we cannot determine that the judgment was rendered against Mrs. Haygood *dum sola*, and that the execution thereon was issued before the marriage; but must infer, that the execution issued, and was levied on the slave, after her marriage with Haygood. This being the case, the execution could create no lien upon her property whatever—she could have none at law, hence it follows, that the execution against her creating no *lien*, could form no impediment to the levy of the execution against Haygood and his wife.

The case referred to, of Hagan v. Lucas, 10 Peters, 400, is not in point. That case was decided, not on the question of lien, but on the question of jurisdiction. The court say, that a most injurious conflict of jurisdiction would arise, if goods seized by final process, from a State court, could be taken from the possession of the sheriff, by virtue of process from the federal courts. This decision is not inconsistent with the cases referred to. Here no conflict of jurisdiction can arise; the final process in both cases is in the hands of the same officer, and the only question is, which writ has created the eldest lien? and when this is ascertained, we can enforce this lien, notwithstanding a junior execution has been levied on the property, by the same officer. It results from this view, that there is no error in the record, and the judgment is affirmed.